# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JASON HOLLY**                                                                        **PETITIONER**

**V.**                      **NO. 4:22-CV-00128-LPR-ERE**

**CODY DRAKE**                                                  **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

**I.**      **Summary**

Jason Holly, a pretrial detainee in the Lincoln County Detention Center in Star City, Arkansas ("Detention Center"), has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2241, challenging his current custody. *Doc. 1*. For reasons that follow, the Court recommends that the Petition be summarily dismissed without prejudice for lack of subject matter jurisdiction.

## II.     <u>Background</u>[1]

On October 7, 2021, Mr. Holly appeared before Lincoln County Circuit Court Judge Phillip C. Green for a probable cause hearing pursuant to Rule 9 of the Arkansas Rules of Criminal Procedure. Record of First Judicial Appearance-Probable Cause Hearing, dated October 7, 2021, *Arkansas v. Holly*, No. 40CR-21-107 (Cir. Ct. Lincoln Cnty., Ark. Dec. 9, 2021).  Judge Green advised Mr. Holly that he had been arrested based on probable cause that he had committed the crimes of aggravated residential burglary, rape, and first-degree false imprisonment. *Id*.; see also Probable Cause Affidavit, signed October 7, 2021, *Arkansas v. Holly*, No. 40CR-21-107 (Cir. Ct. Lincoln Cnty., Ark. Dec. 6, 2021). Judge Green ordered Mr. Holly's release upon execution of a $150,000 secured bond, and he imposed release conditions, including that Mr. Holly have no contact with the victim of his alleged criminal activity. No Contact Order dated October 7, 2021, *Arkansas v. Holly*, No. 40CR-21-107 (Cir. Ct. Lincoln Cnty., Ark. Dec. 9, 2021).

Additional filings indicate that Mr. Holly did not obtain a secured bond and therefore remained detained. An information dated and filed December 6, 2021 charged Mr. Holly with rape, aggravated residential burglary, and false imprisonment and incorporated an order for a bench warrant. Information, *Arkansas*

---

[1] The background facts are taken from the public record, accessible at https://caseinfo.arcourts.gov/cconnect/PROD/public.

*v. Holly*, No. 40CR-21-107 (Cir. Ct. Lincoln Cnty., Ark., Dec. 6, 2021). On December 8, 2021, a sheriff's deputy served Mr. Holly a bench warrant at the Detention Center. Proof of Service, No. 40CR-21-107 (Cir. Ct. Lincoln Cnty., Ark. Dec. 10, 2021).

Finally, on February 16, 2022, the Lincoln County Clerk entered an undated letter to Judge Green, handwritten by Mr. Holly, requesting release or a bond reduction. Letter, *Arkansas v. Holly*, No. 40CR-21-107 (Cir. Ct. Lincoln Cnty., Ark. Dec. 10, 2021). The letter states in part, "I understand why my bond is so excessive[,] but I have no reason to run[,] and I promise to come to court . . . . " *Id*.

On February 9, 2022, Mr. Holly filed the § 2241 Petition now before the Court. *Doc. 1*. He seeks release from state custody on the ground that he "was served a bench warrant after [his] 60 day filing limit . . . . "[2] *Doc. 1 at 6*.

## III.  Discussion

District courts are required to conduct an initial review of habeas petitions and to summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See Rule 4, Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under

---

[2] Mr. Holly made similar allegations in a complaint he filed under 42 U.S.C. § 1983. See Complaint, *Holly v. Drake*, No. 4:21-cv-01224-BSM (E.D. Ark. Dec. 17, 2021). United States District Judge Brian Miller dismissed the complaint without prejudice and explained, "The sole remedy for a prisoner seeking release from prison is to file a federal habeas petition." Order, *Holly v. Drake*, No. 4:21-cv-01224-BSM (E.D. Ark. Jan. 7, 2022).

Rule 1(b)); 28 U.S.C. § 2243. In conducting this review, the district court has a duty to decide whether it has subject matter jurisdiction to entertain the petition. See *Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*"). In addition, the district court "may take judicial notice of judicial opinions and public records." *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy,* 200 F.3d 1137, 1140 (8th Cir.1999)).

Mr. Holly's reference to a sixty-day time limit suggests that he seeks release under Rule 8.6 of the Arkansas Rules of Criminal Procedure, which provides:

> If the defendant is continued in custody subsequent to the first appearance, the prosecuting attorney shall file an indictment or information in a court of competent jurisdiction within sixty days of the defendant's arrest. Failure to file an indictment or information within sixty days shall not be grounds for dismissal of the case against the defendant, but shall, upon motion of the defendant, result in the defendant's release from custody unless the prosecuting attorney establishes good cause for the delay. If good cause is shown, the court shall reconsider bail for the defendant.

Ark. R. Crim. P. 8.6

The public record shows that a state prosecutor charged Mr. Holly by information filed December 6, 2021, *exactly* sixty days after his initial appearance on October 7, 2021. Thus, the record does not indicate that Rule 8.6 was violated. In any event, this Court lacks jurisdiction to entertain the Petition.

Section 2241 extends potential habeas relief to pretrial detainees in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973) (recognizing that a pretrial detainee can challenge both his current confinement and possible future confinement under § 2241(c)(3) after exhausting all available state remedies).[3] However, "[t]his Court does not have jurisdiction under 28 U.S.C. § 2241 or any other federal statute to issue a writ of habeas corpus for violation of state law by state authorities." *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986). Mr. Holly does not allege that his pretrial detention violates a federal right, nor does he provide facts indicating that his current confinement violates a fundamental right provided under the Constitution or federal law. Instead, he relies solely on an alleged violation of a state procedural rule.

---

[3] In order to fully exhaust his state court remedies, a prisoner must fairly present his federal constitutional claims to the highest available state court before seeking relief in federal court. *See McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). The exhaustion requirement applies not only to habeas petitions challenging state-court convictions following a trial or guilty plea, but also to habeas petitions challenging a *pending* or *future* state criminal prosecution. *Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981); *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir.1986) (requiring exhaustion concerning a § 2241 petition). Because Mr. Holly has not yet proceeded to trial on the pending state criminal charges, he clearly has *not* exhausted his state court remedies. To do so, he must: (1) present to the state trial court any legal challenge he has based on an alleged violation of federal constitutional law; and (2) then appeal the trial court's denial of his federal constitutional claim(s) to the highest available state appellate court. At this time, Mr. Holly appears to have done neither. Thus, he has *not* exhausted his state court remedies.

The Court lacks subject matter jurisdiction to: (1) intervene in an ongoing state court criminal prosecution based on an alleged error of state law; or (2) order Mr. Holly's release from state custody.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED, *SUA SPONTE*, that Petitioner Jason Holly's Petition pursuant to 28 U.S.C. § 2241 be DISMISSED for lack of subject matter jurisdiction.

DATED this 18th day of February, 2022.

_____
UNITED STATES MAGISTRATE JUDGE